153 So. 838

**INDUSTRIAL HOMESTEAD ASS'N v.**

**SPARACINO (MARULLO,**

Intervener).

No. 32417.

Feb. 26, 1934.

Rehearing Denied March 26, 1934.

A. D. Danziger and P. H. Stern, both of New Orleans, for appellant.

Hubert M. Ansley and Adams H. Harper, both of New Orleans, for appellee Anthony Marullo.

ST. PAUL, Justice.

On January 18, 1932, plaintiff sold to Martin Sparacino for $18,500 two parcels of land, to wit, a square of ground in Jefferson parish and a lot of ground in the city of New Orleans. The purchase price is represented by a promissory note for the full amount maturing six years after date but "payable in accordance with the charter and by-laws of said association and the act with which this note is identified." The act referred to provides that the note (including interest)

shall be paid in installments of not less than $185 payable monthly, and in case of failure to pay three consecutive months' installments, plaintiff might seize and sell the property for its debt.

On September 23, 1932, Sparacino had failed to pay three consecutive monthly installments, and plaintiff thereupon issued executory process and advertised the property.

### I.

Meanwhile, to wit, on February 3, 1932, Sparacino sold to the intervener, Marullo, the whole of the square in Jefferson parish less a small portion with improvements thereon, which sale was accomplished by Sparacino conveying the whole square to Marullo and Marullo then reconveying to Sparacino only the above mentioned small portion with improvements.

The consideration for which Marullo became the owner of the whole of the square, less the above-mentioned small portion with improvements, was for $14,500, of which he paid $1 cash and for the balance he assumed up to the sum of $14,499 the aforementioned note of $18,500 given by Sparacino to plaintiff as aforesaid.

But Marullo has failed to comply with his obligation to discharge Sparacino's note at the rate of $185 per month and has paid to plaintiff only one installment and that installment was only $145, instead of $185 as agreed upon in the original sale by plaintiff to Sparacino.

He now charges that the attempt of plaintiff to exercise its mortgage rights and sell the property for the collection of the debt due it by Sparacino is a mere conspiracy between plaintiff and Sparacino to deprive him of his property because of an alleged prospective increase in value owing to a rumor that the property might be expropriated by the New Orleans Belt Railroad for a right of way to reach the new Mississippi River Bridge now building.

He further alleges that his agreement with Sparacino was that he should have six years in which to pay as and when he pleased the $14,499 and interest which he obligated himself to pay to the discharge and relief of Sparacino. Hence he seeks to enjoin the executory process herein sued out. To which prayer for injunction plaintiff failed to reply in time, whereupon intervener took a default and confirmed it.

### II.

■ The allegations of conspiracy, even if they showed grounds for complaint, have no foundation in fact, being based on mere unsupported rumors. But they show no cause for complaint, for Sparacino was clearly in default towards plaintiff and accordingly plaintiff had a right to collect its claim when it sought to do so.

■ As to the claim that intervener was to have full six years in which to pay as he pleases the $14,499 and interest which he had agreed to pay towards the acquittance and discharge of Sparacino's obligation to the plaintiff, his testimony to that effect was an effort to contradict by parol evidence the recitals of the deed between himself and Sparacino that he was to assume and obligate himself to pay Sparacino's note held by plaintiff "payable in accordance with the charter and by-laws of said association and the act with which this note is identified," and such testimony should not have been admitted.

■ Moreover, even if Marullo "had six years to pay, and at any time I saw fit to make a payment, I would either pay it to the Homestead or Mr. Sparacino," and even if such an agreement with Sparacino had been acquiesced in by plaintiff, that would have been a matter which concerned only Marullo and Sparacino and did not affect in any way Sparacino's obligation to the homestead to pay the note due by him in installments of $185 a month, for it is not pretended or even suggested that Sparacino himself had six years to pay $18,500 and interest due by him when and as he pleased. On the contrary, it is indisputable that Sparacino was obligated to pay his $18,500 with interest in installments of $185 a month regardless of what payments Marullo might or might not make to him or to plaintiff on his behalf. And unquestionably Sparacino did not pay his monthly installments for more than three months, nor did Marullo make such payments for him.

Sparacino was therefore clearly in default towards plaintiff, and plaintiff had therefore a right to proceed against him for the collection of its note, which right it had simply by reason of Sparacino's default even if Marullo had paid Sparacino (which he did not do) and Sparacino had failed to pay the amount to plaintiff, for the obligation of Sparacino was absolute and unqualified to pay $185 a month, regardless of any understanding between him and Marullo as to any payments which Marullo was to make to him or for his account.

### III.

■■ As to an item of $400 with which intervener claims he should be credited, that has nothing to do with this case but concerns wholly another transaction. Plaintiff was the owner of the property and intervener, being desirous to acquire it, paid plaintiff $400 on January 26, 1931, for an option to buy it on condition that he should pay on account of the agreed purchase price an additional $1,000 before the end of the year 1931. The intervener did not pay the additional $1,000 before the end of the year or at any other time, and in January, 1932, plaintiff sold the property to Sparacino. Nor has it any relevancy to this case that Sparacino and Marullo had a private understanding between them by which, after plaintiff was paid, Sparacino was to get the small portion of ground with improvements, above mentioned, in exchange for two lots of ground with improvements in the city of New Orleans, one worth $4,000 and unincumbered and one worth $5,000 but mortgaged for $2,500.

But the fact is, as to that, that Sparacino included in the mortgage herein sued upon, the $4,000 unincumbered city lot and turned over outright to Marullo the $5,000 city lot incumbered for $2,500. The $4,000 unincumbered city lot was foreclosed upon and lost to Sparacino. The $5,000 city lot mortgage for $2,500 was also foreclosed upon for failure to pay the mortgage, and was also lost to Sparacino. Again the small portion of ground with improvements in Jefferson parish which Sparacino was supposed to get in exchange for his two city lots is still subject to the mortgage herein sought to be foreclosed upon and is likely also to be lost to him. On the other hand, the intervener is out only $400, which he paid for the option on the Jefferson parish property but of which

he had the use and enjoyment, rent free and tax free, for a year; and $145 paid by him to the plaintiff and in return for which he had the use of the two improved city lots until they were foreclosed upon.

So that the prime sufferer herein will be Sparacino and plaintiff next; and we fail to see wherein the intervener has suffered any injury whatever.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the demand of the intervener, Anthony Marullo, be rejected, at his cost in both courts.

O'NIELL, C. J., absent.